

05-CV-00199-CMP



FILED
LODGED
RECEIVED  **MAIL**

**APR 1 8 2005**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

Mark Swanson
(Name of Plaintiff)

vs.

Officer Young, Off.
Harvey, Off Fowler,
Off Brown, Off Smith
Sgt. Lolly John Doe
(Names of Defendants)

Complaint
No: C05-0199RSL

**CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983**

Jury Trial
Demanded)

**I. Previous Lawsuits:**

    A. Have you brought any other lawsuits in any federal court in the United States while a prisoner:
      ☑ Yes    ☐ No

    B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space
below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using
the same outline.)

      1. Parties to this previous lawsuit:

          Plaintiff _____

          Defendants _____

1

2. Court (give name of District)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

## II. Place of Present Confinement: _____

A. Is there a prisoner grievance procedure available at this institution?   ☒ Yes        ☐ No

B. Have you filed any grievances concerning the facts relating to this complaint?

☒ Yes        ☐ No

If your answer is NO, explain why not _____

_____

C. Is the grievance process completed?        ☒ Yes        ☐ No

**If your answer is YES, ATTACH A COPY OF THE <u>FINAL</u> GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

## III. Parties to this Complaint

A. Name of Plaintiff: Mark Swanson        Inmate No.: 204028039

Address: 620 W James St Kent Wa 98032

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment. Use item C for the names, positions and places of employment of any additional defendants. Attach additional sheets if necessary.)

B. Defendant KCCF ; official position Jail ;
place of employment Regional Justice Center

C. **Additional defendants** Officer Vitner, Officer Harvey
Officer Brown, Sergeant Lolly, Officer Smith,
Captain Herring, Dirk Nelson (DM)

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates, places, and other persons involved. Do not give any legal arguments or cite any cases or statutes. If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

This is a civil rights action filed by
Mark Swanson, a county prisoner for
Damages and Relief under 42 USC-1983, alleging
that the plaintiff was denied reasonably
adequate medical care, adequate medical
services at a level with modern science and
of a quality acceptable within prudent and
professional standards, in violation of the Eighth
Amendment to the United States Constitution and
confinement in segregation in violation of the
Due Process Clause of the Fourteenth Amendment
to the Constitution. The plaintiff also alleges
negligence.

JURISDICTION

(1) The Court has jurisdiction over the plaintiffs
claim of violation of federal constitutional rights
under 42 USC §1331(a) and 1343

(2) The court has supplemental jurisdiction over
the plaintiffs state law tort claims under
28 USC § 1367

Parties

The Plaintiff Mark Swanson was incarcerated
at the Regional Justice Center during the
events described in this complaint

① Defendants Off. Young, Off Harvey, Off Fowler, Off Smith, and Off John Doe are correctional officers employed at the Regional Justice Center. They are sued in their individual capacities

② Defendant John Doe, Medical Staff employed at the Regional Justice Center whose name is presently unknown to the plaintiff. He is sued in his individual capacity

③ Defendant John Doe medical Staff employed at the Regional Justice Center whose name is presently unknown to the plaintiff. He is sued in his own capacity.

④ Defendant Sgt Lolly who is the Sergeant at the Regional Justice Center that is in charge of the segregation unit. He is sued in his individual capacity.

⑤ Defendant Classification officer Kitner employed at the Regional Justice Center whose in charge

2

of the SEGREGATION UNIT. HE is
sued in his individual capacity.

⑥ Defendant Newson is the Medical
Administrator at the Regional
Justice Center and is Generally
Responsible for ensuring the
provision of Medical care to prisoners
and specifically scheduling medical
appointments outside the Jail
when a prisoner needs specialized
treatment or evaluation. She is
sued in his individual capacities
and official capacities

⑦ Defendant Harding is the captain
of the Regional Justice Center
who is in charge of the actual
Administration at the Regional
Justice Center and is in charge
of Transportation of prisoners
to medical appointments. He is
sued in his individual capacities
and official capacities

⑧ All the defendants have acted
and continue to act under color
of law at all times Relevant

3

to this complaint

## facts

On July 15 2004 I was arrested and in lieu of an injury I was then transported to St Francis Hospital for treatment of a broken right wrist. At the Hospital I was told to see a specialist within 3 days Due to the severity of the injury. Upon arrival to the Regional Justice Center I immediately contacted Officer Fowler and tried to explain that I had a medical emergency and I need to see a Doctor. He denied me this. The following officers Smith Young Harvey, Brown, and John Doe follow multiple shifts neglected to investigate the seriousness of my claim and in doing so inflicted unnecessary pain and suffering and a refusal to assist getting medical treatment within the time frame that would outright constitute as a medical emergency. On two other

④

I demanded to be seen and the staff Sergeant lolly only then confiscated my clothing, bedding and toilet paper as a consequence for asking for help. I was even threatened to be pepper sprayed during my cries for assistance. Numerous times I pushed the button located in my cell that is designed for medical emergencies and was ignored (which denied) me access to medical care. I repeatedly asked for medical assistance on an average of ten times a day for at least fourteen days until I was finally seen and then my hand was placed into a cast without being properly set fourteen days after the incident which was July 29, 2004. Due to the fact I was ignored for such an extensive amount of time that now since this has happened I have lost roughly 40 percent of the scope movement of my dominant hand which now partially handicaps me.

On August 19, 2004 I was brought to Harborview Medical

CENTER to be X-RAYED again.
While talking to the Physician
about my latest X-Ray, I was
informed that due to the
amount of time that has elapsed
and how my wrist was not
set by the jail prior to
putting on my first cast that
in all Reality the Damage has
already been done due to
previous neglect. Harborview
Medical Center went ahead and
Recasted my hand with a proper
cast. The technician through
conversation informed me that
since my wrist was neglected
for such an extensive period
of time that it had already
started the healing process on
the incorrectly forming bones.
I asked if I could get it
reset and was informed that the
only way my wrist would ever
be close to the same would
be through numerous surgeries
and they would have to re-
break it and reset it in
every misaligned spot.

6

Throughout this time period I went through all the proper steps in the Grievance process to no avail. Just like my pleas for medical assistance, this was Ignored also and or brushed off. The neglect was so extreme that all of the listed defendants are equally responsible in their own capacity as well as their official capacity.

Claims of Relief

① The actions of defendants Young, Brown, Harvey, Fowler, Smith and Doe were malicious in nature and their obvious neglect is constituted as cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution

② The actions of defendant Lobby, and Kitner in using a depreveation of neccesities that is constituted cruel

(6)

and unusual punishment in violation of the Eighth Amendment of the United States Constitution

⑧ The actions of Newson Defendant for refusal of medical treatment and any follow up examination and treatment and physical therapy for plaintiffs wrist, constitutes the tort of Negligence under the laws of Washington.

⑨ The actions of Harding Defendant for failing to address multiple medical emergencies and medical grievances which further denied the plaintiff due process of law in violation of the fourteenth Amendment to the United States Constitution

RELIEF REQUESTED

The plaintiff requests that the court grant the following relief:

① Issue a diclatory judgment

8

Stating that:

① the abuse or NEGLECT upon the
Plaintiff by Defendants Young,
Brown, Harvey, Fowler, Smith,
and Doe violated the Rights
of the Plaintiff under the
Eighth Amendment to the
United States Constitution and
constituted neglect and cruel and
unusual punishment under
state law

② Defendant Lolly, Kitzers
failure to take action to
stop the abuse of prisoner
violates the Eighth Amendment
to the United States Constitution

③ Defendant Newson actions in
failing to provide adequate
medical care for the Plaintiff
violated the plaintiffs Rights
secured under the Eighth
Amendment to the United
States Constitution

9

(1) Award compensatory damages with the following amounts:

(a) $700,000 jointly and severally against defendants Harvey, Fowler, Brown, Smith, Young and Doe for the neglect he stated that has caused physical and emotional damages resulting from neglect

(b) $50,000 each for defendants Colby and Kitner for emotional damages for confiscating life necessities in a retaliatory fasion during plaintiffs cries for help

(c) $200,000 for defendants Newson and Harding for denying the plaintiff adequate medical attention or care resulting in physical injury and emotional injury

(d) Award punitive damages of $75,000 each to defendants Colby, Kitner, Newson, Harvey

10

FOWLER, YOUNG, Smith, HARRING
and DOE

③ Grant such other RELIEF as
it may appear that the
plantiff is ENTITLED

Respectfully Submitted,

Mark Swanson
204028089
620 W. James St
Kent Wash
98032

11

+ CATHOLIC HEALTH
+ INITIATIVES

## St. Francis Hospital
FRANCISCAN HEALTH SYSTEM

# ADMISSION RECORD

| PATIENT ACCOUNT NUMBER | ADMIT DATE | TIME | ROOM/BED | PT. TYPE | SERVICE | FURL | PATIENT LANGUAGE | MEDICAL RECORD (UNIT) NO. |
|---|---|---|---|---|---|---|---|---|
| 0419704184 | 07/15/04 | 10:53 | | ECU | EME | | | 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 |

| PATIENT LEGAL NAME (LAST, FIRST, MIDDLE, ENTITLE) | | DATE OF BIRTH | AGE | SEX | MS | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|
| SWANSON,MARK W | | 05/03/1962 | 42Y | M | U | 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 |

| PATIENT LEGAL ADDRESS | CITY, STATE, ZIP | HOME TELEPHONE |
|---|---|---|
| UNKNOWN | FEDERAL WAY, WA  98003 | (000)000-0000 |

| PATIENT ALTERNATE ADDRESS | CITY, STATE, ZIP | ALTERNATE TELEPHONE |
|---|---|---|
| | | |

| PATIENT EMPLOYER NAME | WORK TELEPHONE & EXTENSION | OCCUPATION | STATUS | RETIREMENT DATE | VET |
|---|---|---|---|---|---|
| | | | 9 | | NO |

| PATIENT EMPLOYER ADDRESS | CITY, STATE, ZIP |
|---|---|
| | |

| PATIENT COMPLAINT / ADMITTING DIAGNOSIS | PROCEDURE |
|---|---|
| M H E POSSIBLE BROKEN ARM LEFT | |

| ADMITTING PHYSICIAN | | | PRIMARY CARE PHYSICIAN |
|---|---|---|---|
| 90 | EMERGENCY,PHYSICIAN | EM | |

| ATTENDING PHYSICIAN | | | MANAGED CARE PHYSICIAN |
|---|---|---|---|
| 90 | EMERGENCY,PHYSICIA | EM | |

| | NAME OF PERSON TO NOTIFY | RELATION TO PATIENT | HOME TELEPHONE | WORK TELEPHONE & EXTENSION |
|---|---|---|---|---|
| 1 | NONE,AVAILABLE | NONE AVAILAB | | |
| | ADDRESS OF CONTACT # 1 | | | EMPLOYER NAME OF CONTACT # 1 |
| | | | | |
| 2 | NAME OF PERSON TO NOTIFY | RELATION TO PATIENT | HOME TELEPHONE | WORK TELEPHONE & EXTENSION |
| | XX,XX | NONE AVAILAB | | |

| GUARANTOR NAME (LAST, FIRST, MIDDLE) | RELATION TO PATIENT | HOME TELEPHONE |
|---|---|---|
| SWANSON,MARK W | SELF | (000)000-0000 |

| GUARANTOR ADDRESS | CITY, STATE, ZIP |
|---|---|
| UNKNOWN | FEDERAL WAY, WA  98003 |

| GUARANTOR EMPLOYER NAME | WORK TELEPHONE & EXTENSION | OCCUPATION | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| | | | 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 |

| GUARANTOR EMPLOYER ADDRESS | CITY, STATE, ZIP |
|---|---|
| | |

| | HOSPITAL PLAN | INSURANCE NAME | | POLICY OR RECIPIENT NUMBER | GROUP OR CLAIM NUMBER |
|---|---|---|---|---|---|
| 1 | | | | | |
| | SUBSCRIBER NAME | RELATION TO INSURED | AUTHORIZATION NUMBER | LOS | COMMENTS |
| | | | | | |
| | INSURANCE ADDRESS | INSURANCE CITY, STATE, ZIP | | INSURANCE TELEPHONE & EXTENSION | |
| | | | | | |
| | HOSPITAL PLAN | INSURANCE NAME | | POLICY OR RECIPIENT NUMBER | GROUP OR CLAIM NUMBER |
| 2 | | | | | |
| | SUBSCRIBER NAME | RELATION TO INSURED | AUTHORIZATION NUMBER | LOS | COMMENTS |
| | | | | | |
| | INSURANCE ADDRESS | INSURANCE CITY, STATE, ZIP | | INSURANCE TELEPHONE & EXTENSION | |
| | | | | | |

| LAST SERVICE DATE | PREVIOUS ADMISSION NAME | | X-RAY # | FC | RELIGION | RACE | PRE CLERK | ADM CLERK |
|---|---|---|---|---|---|---|---|---|
| | | | | P2 | UNK | 6 | | KP |

| ACCIDENT DATE | ON | ACCIDENT TIME | PLACE OF ACCIDENT | NATURE OF ACCIDENT |
|---|---|---|---|---|
| | NO | | | |

| ADM TYPE | ADM SOURCE | FACILITY REFERRING TO HOSPITAL | ARRIVAL MODE | EXPECTED DATE OF ADMISSION |
|---|---|---|---|---|
| 1 | 7 | | PT/FMLY/FRND | |

| ADVANCE DIRECTIVES | | ADVANCE DIRECTIVE DETAIL | NPP? | NPP DATE |
|---|---|---|---|---|
| 5 UNKNOWN | | UNKNOWN | No | |

| TRAUMA PATIENT # NAME | SUBSCRIBER 1 DOB - SEX | SUBSCRIBER 2 DOB - SEX |
|---|---|---|
| | - | - |

# St. Francis Hospital

34515 Ninth Avenue South, Federal Way, WA 98003

**Emergency Department
(253) 944-4095**

Your ED Physician was: _____ *C. Sherman, NP.* _____

You were given the following discharge instruction sheets:

*— Fracture @ ulna*

You were given prescriptions for the following medicines:

*— Amphetamine abuse.*

*— Ativan 1m, PO, 3x/day as needed.*

Additional Instructions:

*— sling & Splint — @ arm.*
*— take x-rays to Dr. Cross's ( or other Ortho office)*

*phone 838-8552*

*to Ortho*

You are to follow up with _____ *Dr. Cross* _____ in/on _____ *3-4 days.* _____

If you have been referred to a specialist or an outpatient service please call your family doctor for prior authorization for this referral. If you make an appointment with the referral physician above please inform their staff that you were referred by the Emergency Department.

☐ If this box is checked, you need to bring your X-rays to the referral physician at the time of your follow-up. Please call 253-944-7974 twenty-four hours prior to your follow-up visit to make arrangements to pick up your X-rays.

If your test results suggest further care is required we will call you. In all events you may obtain your results from your family doctor, or you may request a copy of your results from the release of information desk at 253-944-4150. These will be provided within a week of your request.

Emergency Physician services are independently provided by Northwest Emergency Physicians. You will receive a bill for any physician services you may have received including emergency and radiology physician services separate from the hospital bill.

We will bill your insurance, however you are responsible today for any co-pay amounts. Please check with the registration desk before you leave.

If you have a question or comment about your visit, you may call our customer service line at 1-877-258-2291.

Signature acknowledges that Patient and/or Responsible Adult has received these instructions and understands them.

_____ X _____
Patient or Responsible Adult Signature

Date

_____
Witnessed and/or instructed by (signature)

Date *1645*

✝ CATHOLIC HEALTH INITIATIVES
Franciscan Health System

EMERGENCY DISCHARGE INSTRUCTIONS

White - Patient    Yellow - Medical Record

(08/7/04)

0415 ????????? 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
SWANSON, MARK W                  ECU
M    42Y        05 03 1962   P2
AO 07 15 04 EME
EMERGENCY-PHYSICIA
EMERGENCY-PHYSIC
PCP

| PATIENT NAME (LAST, FIRST, MIDDLE) Swanson, Mark | SSN 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 | DATE OF SERVICE 7-15-04 |
|---|---|---|
| PATIENT HOME OR MAILING ADDRESS Camelot Square 3001 S. 206th Federal Way 98003 | | SERVICE |
| DOB 5-3-62 | AGE 42 | ☒ MALE ☐ FEMALE | WEIGHT KG | UNIT I.D. NO. 182 |
| PHONE | PT'S PHYSICIAN | NAME RESPONS. PARTY/RELATIONSHIP | RUN NO. AMR 122 7268 |
| INCIDENT. STREET, CITY, ZIP 3001 S. 288th 98003 | | RUN NO. PSAP |

## HISTORY

| PAST MEDICAL HISTORY | MEDICATIONS | MEDICATIONS (CONT'D) | TIMES | |
|---|---|---|---|---|
| Unk | Unk | | RCVD | |
| | | | DISP | |
| | | | ENRT | |
| | | | ON SCN | |
| | | ALLERGIES Unk | TRANSP | |
| | | | DEST | |
| | | LAST MEAL — | AVAIL | |

## NARRATIVE

(S) 42 y/o ♂ pt c/o ① arm px 2° a fight involving baseball bats. pt.
is violent and is outbursting. Pt. states he will not give us any
information. Pt. states he will answer no questions to px. pt is
covered in gravel

(O) Pt. found handcuffed laying down on the street with KPD & KFD on
scene
LOC: (A)VPU, speaking in full sentences   Skin: Pink, warm, Dry
Heent: Pearl
Hips/Pelvis
Neck/Back ← No physical exam, Pt. will not allow palpation
Chest/Lungs
ABD   Ext: splint on ① arm

(A) ① arm DX

(P) Lift to stretcher, VS, no exam due to pt combative and refuses, routine
to St. Francis

## FLOW SHEET

| TIME | B/P | PULSE | RESP | O₂ℓ | O₂ SAT | GCS | PAIN | RHYTHM | LEAD | NOTES & PROCEDURES |
|---|---|---|---|---|---|---|---|---|---|---|
| 1015 | / | | 22 | | | | | | | 1790. No BP or Pulse taken, pt |
| 1030 | / | | 20 | | | | | | | refuses |
| | / | | | | | | | | | |
| | / | | | | | | | | | |
| | / | | | | | | | | | |
| | / | | | | | | | | | |
| | / | | | | | | | | | |

| | | | | | IV SITE | GAUGE | # OF ATTMPTS | PIV # |
|---|---|---|---|---|---|---|---|---|

| MEDICAL CONTROL | CONTACT TIME | ET TUBE SIZE | DEPTH @ LIPS | ROUTE ☐ O ☐ N | BRTH SNDS ☐ R ☐ L ☐ B | GASTRIC SOUNDS ☐ Y ☐ N | ETCO₂ COLOR | # OF ATTEMPTS | PIV # |
|---|---|---|---|---|---|---|---|---|---|
| DRIVER | TECH 1790 | | OTHER CREW 1845 | | COMPLETED BY Jeremy web— | | | | ID NUMBER |

I HEREBY CERTIFY AMERICAN MEDICAL RESPONSE TRANSFERRED CARE AND GAVE A VERBAL REPORT CONCERNING THE ABOVE NAMED PATIENT.

| ST Francis | Antoine G/Fula la | | 7/15/04 | 1045 |
|---|---|---|---|---|
| FACILITY | SIGNATURE | TITLE | DATE | TIME |

THIS PATIENT WAS UNABLE TO SIGN BECAUSE OF

HOSPITAL COPY

9928080

| DATE | TIME | ROOM | TRIAGE CATEGORY | LAST NAME | FIRST | M. | AGE | Wt. Kg. | M/F | DOB | SSN | CC CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-16 | 20 | N | 1  2  ③  4  5 | Swanson, Mark | | | 42 | | | 5-3-62 | 531723896 | |

**Security Code ( I II N/R)  C.C.** altercation = injury CUE
+ ?contract to DOC.

**Pain 0-10:** ☐ Numeric  ☐ Faces  ☐ FLACC/NIPS   A: WNL/ABN  B: WNL/ABN   C: WNL/ABN

**EXPANDED TRIAGE ASSESSMENT:**
pt agitated, shouting, throwing things
arced by police, handcuffed

**EXPOSURE:**

**TRIAGE INTERVENTIONS:**   **TRIAGE RN:**   **TECH:**
☐ BG:   ☐ Dressing to:   ☐ Ice   ☐ Splint Type/location:
☐ Specimen Collected Time:   ☐ C-Collar Applied   ☐ Spinal Precautions
☐ Meds (Time/Route):
☐ Protocol Initiated:   ☐ Resp. Etiquette   ☐ IV Start
☐ EKG Time Done:   ☐ Time to MD:   ☐ MD Name:

**TRIAGE VITALS:** Temp 99, 1/15   Resp 18   BP 173/8   SaO2   MDR

| TIME/INITIALS | Temp | HR | Resp | BP | SaO2 | PAIN |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

☐ Trauma Patient  ☐ Immunization Status:   ☐ Last Tetanus

**MODE OF ARRIVAL:** ☐ WALK  ☐ CARRIED  ☐ WHEELCHAIR  ☒ STRETCHER
**LANGUAGE:**   **INTERPRETER:**
**PRE-HOSPITAL:** ☐ C-COLLAR  ☐ LBB   ☐ BG:   ☐ SaO2:
☐ ET:   ☐ O2 TYPE/AMTS:
☐ MEDS:
☐ IV/GAUGE/SITE:   Amt Infused: _____ mL
**PREGNANCY:** ☐ ACTIVE LABOR   LMP:   EDC:   G___ P___
**ALLERGIES:** ☐ NKDA  ☐ Latex  ☐ Other:

**MEDS (OTC, Rx, Herbal)**

**PMH:** ☐ Denies ☐ CHF ☐ HTN ☐ CVA ☐ MI ☐ IDDM ☐ NIDDM ☐ COPD ☐ SZ ☐ ETOH   ☐ See List
☐ Asthma ☐ Depression ☐ Suicidal Ideation / Attempt ☐ Dialysis
☐ Other:
**PCP:**

| GCS: EYE | | VERBAL (Adult/Pediatric) | | MOTOR | |
|---|---|---|---|---|---|
| SPONT | 4 | ORIENTED/SMILES | 5 | OBEYS | 6 |
| TO VOICE | 3 | CONFUSED/CONSOLABLE | 4 | LOCALIZES | 5 |
| TO PAIN | 2 | INAPP WORDS/CRIES TO PAIN | 3 | WITHDRAW | 4 |
| NONE | 1 | INCOM WORDS/MOANS TO PAIN | 2 | FLEXION | 3 |
| | | NONE | 1 | EXTENSION | 2 |
| | | | | NONE | 1 |

**GCS TOTAL:**

**INITIAL MD ORDERS**

**TIME:**

**LABORATORY TESTS**
☐ Obtain Medical Record
☒ EKG
☐ EKG q 30 mins X
☒ Cardiac Labs
  ☐ CBC
  ☐ CMP
  ☐ CPK-MB
  ☐ TROPONIN 1
  ☐ PT (NR)  ☐ PTT
☐ ABG
☐ BMP
☐ D-DIMER
☐ AMYLASE  ☐ LIPASE
☐ BNP
☐ T & S   ☐ T & C
☐ BCX2
☐ SPUTUM GS & CS
☒ U: SAS
☐ DSB1
☐ U/A
☐ URINE DIP
☐ BA
☐ CSF
☐ BHCG QUANT
☐ GYN PANEL
☐ PREGNANCY   S   OR   U

**RADIOLOGY**   **REASON**
☐ CXR PA-L
☐ CXR PORT
☐ CT Head w/ or w/o Contrast
CUE - forearm CUE
U E - forearm CUE

**TREATMENT**
☐ Monitor
☐ Oxygen
☐ IV
☐ Foley
☐ NG   ☐ OG
☐ Pelvic Exam

**MEDICATIONS**
☐ Dip Tet 0.5 cc IM  ☐ Referral

**SUBSEQUENT DIAGNOSTIC ORDERS**
**TIME**   **ORDER**

Splint B forearm June

**MD NOTES:**

**PCP:**
**ADMIT MD:**
**FIT:**   **GH:**   **OTHER:**
**ADMIT MD:**   **PAGED:**   **RESPONSE:**
**CONSULTANT:**   **PAGED:**   **RESPONSE:**
☐ T-SHEET   ☐ DICTATION
**DISPOSITION**   M/S   ACC   MS-T   PCU   ICU   OR
**TIME BED REQUESTED:**
**DISCHARGE CONDITION**
☐ Good   ☐ Serious   ☐ Improved
☐ Fair   ☐ Critical   ☐ Expired

**MD SIGNATURE:**
LAWRENCE SHERMAN, M.D.
#13743

† CATHOLIC HEALTH INITIATIVES
**Franciscan Health System**
St. Clare Hospital   St. Francis Hospital   St. Joseph Medical Center
Lakewood, Washington   Federal Way, Washington   Tacoma, Washington

**EMERGENCY SERVICES CARE RECORD**

(5/14/04)

**PATIENT INFORMATION**
0419704184 SFH  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
SWANSON, MARK W   ECU
M   42Y   05 03 1962   P2
AD 07 15 04 EME
MERGENCY, PHYSICIA
EMERGENCY, PHYSIC
PCP
White – Chart   Canary – Patient Access

_____ FILED      _____ENTERED
_____ LODGED  _____RECEIVED

FEB 1 4 2005  ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPU

05-CV-00199-ORD

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MARK WAYNE SWANSON, | Case No. C05-199-RSL |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING INSTITUTION TO CALCULATE, COLLECT, AND FORWARD PAYMENTS |
| v. | |
| KING COUNTY CORRECTIONAL FACILITY, | |
| Defendant. | |

The Court, having reviewed plaintiff's application to proceed *in forma pauperis*, does hereby find and ORDER.

(1) Plaintiff's declaration indicates he is unable to afford the court's filing fee or give security therefor. Accordingly, plaintiff's application to proceed as a pauper is **GRANTED**. As set forth below, an initial partial filing fee will be collected, and thereafter each month plaintiff is required to pay 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied.

(2) Pursuant to 28 U.S.C. § 1915 and plaintiff's approved application to proceed *in forma pauperis*, the agency having custody of the above named plaintiff is directed to calculate an initial partial filing fee equal to 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the date of this Order. The initial partial filing fee should be forwarded to the court clerk as soon as practicable.

ORDER
Page - 1

1        Subsequently, if the prisoner's account exceeds $10.00, each month the Financial Administrator

2  for the King County Regional Justice Center is directed to collect and forward payments equal to 20

3  percent of the prisoner's preceding month's income credited to the prisoner's account.  In the event that

4  the monthly payment would reduce the prisoner's account below $10.00, the Financial Administrator

5  should collect and forward only that amount which would reduce the prisoner's account to the $10.00

6  level.  Please note that this $10.00 limit does not apply to the initial partial filing fee described above.

7  Finally, the monthly payments should be collected and forwarded to the court until the entire filing fee

8  ($150.00) for this matter has been paid.

9        (3)  The Clerk is directed to send plaintiff a copy of this Order and the General Order, and a copy

10  of this King County Regional Justice Center's Financial Administrator.

11        DATED this ___ day of February, 2005.

12

13

14                      MONICA J. BENTON
                         United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 2

## Other Orders/Judgments

2:05-cv-00199-RSL-MJB Swanson v. King County Correctional Facility

### U.S. District Court

### Western District of Washington

Notice of Electronic Filing

The following transaction was received from ZG, entered on 2/14/2005 at 3:46 PM PST and filed on 2/14/2005

**Case Name:**      Swanson v. King County Correctional Facility
**Case Number:**      2:05-cv-199
**Filer:**
**Document Number:** 3

**Docket Text:**
ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING INSTITUTION TO CALCULATE, COLLECT, AND FORWARD PAYMENTS by Judge Monica J. Benton (cc KCRJC Fin Off.) (ZG, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=2/14/2005] [FileNumber=1112056-0
] [850d6bd0452977702571bfe92323ff75e54cff204d05b4ba9cc3cd1a16449efb4eb
3cbd1184ec0b6ba3927a11863c88bf08bbd7c1fe6dc9f510b3b9a39a20751]]

**2:05-cv-199 Notice will be electronically mailed to:**

**2:05-cv-199 Notice will be delivered by other means to:**

Mark Wayne Swanson
204028089
KING COUNTY RJC
620 WEST JAMES ST
KENT, WA 98032



_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

MAR 2 1 2005 ZG

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                              DEPUTY

05-CV-00199-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK WAYNE SWANSON,       )
                          )
              Plaintiff,  )
                          )    CASE NO. C05-0199L
        v.                )
                          )    ORDER DECLINING TO SERVE
KING COUNTY CORRECTIONAL  )    COMPLAINT AND GRANTING
FACILITY                  )    LEAVE TO AMEND
                          )
              Defendant.  )
                          )

Plaintiff is currently incarcerated at the King County Regional Justice Center. He has filed a

civil rights complaint pursuant to 42 U.S.C. §1983. The Court, having reviewed the complaint and

record, does hereby find and ORDER:

(1) In his complaint, Plaintiff alleges that his rights were violated because he was denied

treatment for his injury. Plaintiff identifies King County Correctional Facility ("KCCF") as the

defendant.

(2) Plaintiff is advised that in order to maintain a cause of action under 42 U.S.C. §1983, he

must show (a) that he suffered a violation of rights protected by the Constitution or created by

federal statute, and (b) that the violation was proximately caused by a person acting under color of

federal law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
LEAVE TO AMEND - 1

1    prong, plaintiff must allege facts showing how individually named defendants caused or personally

2    participated in causing the harm alleged in the complaint. See Arnold v. IBM, 637 F.2d 1350, 1355

3    (9th Cir. 1981).

4           (3) Plaintiff is further advised that a local government unit, like the KCCF, may not be held

5    responsible for the acts of its employees under a respondeat superior theory of liability. See, e.g.,

6    Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992).  Rather, Plaintiff, in order to sue the

7    KCCF, must allege facts showing that any constitutional deprivation he suffered was the result of a

8    "custom or policy" of KCCF. See, e.g., Ortez v. Washington County, 88 F.3d 804, 811 (9th Cir.

9    1996).

10          (4) In light of the above rules governing §1983 actions, plaintiff's complaint is deficient.

11   Therefore, the Court declines to order that the complaint be served on defendant unless and until

12   Plaintiff corrects this deficiency.  Plaintiff has not provided any facts showing that Plaintiff's alleged

13   constitutional deprivation was the result of a "custom or policy" of KCCF.

14          (5) Plaintiff may file an amended complaint curing the above-noted deficiency within thirty

15   days of the date on which this Order is signed.  The amended complaint must carry the same case

16   number as this one.  **If no amended complaint is timely filed, the Court will recommend that**

17   **this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claim**

18   **upon which relief can be granted.**

19          Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original

20   pleading.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios,

21   Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), cert. denied,

22   505 U.S. 915 (1992).  Thus, if Plaintiff chooses to file an amended complaint, the Court will not

23   consider his original Complaint.

24

25   ORDER DECLINING TO SERVE
     COMPLAINT AND GRANTING
26   LEAVE TO AMEND - 2

1       (6)  The Clerk is directed to send Plaintiff the appropriate forms so that he may file an

2  amended complaint.  The Clerk is further directed to send copies of this Order, and of the General

3  Order, to Plaintiff and to the Honorable Robert S. Lasnik.

4       DATED this _____ day of February, 2005.

5

6

           MONICA J. BENTON

7          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ORDER DECLINING TO SERVE
    COMPLAINT AND GRANTING
26  LEAVE TO AMEND - 3

## Other Orders/Judgments

2:05-cv-00199-RSL-MJB Swanson v. King County Correctional Facility

### U.S. District Court

### Western District of Washington

Notice of Electronic Filing

The following transaction was received from ZG, entered on 3/21/2005 at 3:02 PM PST and filed on 3/21/2005

**Case Name:** Swanson v. King County Correctional Facility
**Case Number:** 2:05-cv-199
**Filer:**
**Document Number:** 5

**Docket Text:**
ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND re [4] Complaint filed by Mark Wayne Swanson, Amended complaint due by 4/18/2005 by Judge Monica J. Benton. 1983 forms and General Order mailed to Pltf. (ZG, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=3/21/2005] [FileNumber=1154821-0
] [6b0648cd7d6474b309cec1e35d246a253b09569dccec79eafd3f30447ec905372b4
2a2bc2eb5706227b2fa9cb250444678140a4da6f7b99f07a291542f9f9598]]

**2:05-cv-199 Notice will be electronically mailed to:**

**2:05-cv-199 Notice will be delivered by other means to:**

Mark Wayne Swanson
204028089
KING COUNTY RJC
620 WEST JAMES ST
KENT, WA 98032

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

In Re:

SUMMARY OF PROCEDURAL RULES                    GENERAL ORDER

(for distribution in cases where plaintiff/
  petitioner is proceeding *pro se*)

The following paragraphs summarize certain local rules of the Court and other procedural

matters.  It is intended for the benefit of plaintiff/petitioners proceeding *pro se*.

It is hereby ORDERED that:

(I)      Service of Summons and Complaint

Except in instances where the Court has arranged for service to be effected on plaintiff's

behalf, plaintiff must serve the summons and complaint on each defendant/respondent within four

months after the filing of the complaint, in accordance with Rule 4 of the Federal Rules of Civil

Procedure.  If service has not been made in that time, and good cause is not shown for that failure, the

action can be dismissed without prejudice.

GENERAL ORDER                                                              Rev. 4/03
PAGE - 1

(2)     Filing and Service of Other Court Documents

All original documents and papers submitted for consideration by the Court in this case, and a duplicate of all such papers, are to be filed with the Clerk of this Court. The originals and copies of all such papers shall indicate in the upper right-hand corner the name of the District Judge or Magistrate Judge to whom the copies are to be delivered. The papers shall be accompanied by proof that such documents have been served upon counsel for the opposing party or upon any party acting *pro se.*

Service is accomplished by mailing a true and correct copy of the document to each defendant/respondent's counsel. The proof of service shall show the day and manner of service and may be made by certificate or acknowledgment on the document itself, or by a separate filing. If a party fails to comply with this Order, the Court will disregard the submitted document.

(3)     Motions

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to Local Rule CR 7(b)(2002), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in Local Rule CR 37(a)(2)(B), and motions for default judgment where the opposing party has not appeared, shall be noted for consideration on the day they are filed. *See* Local Rule CR 7(d)(1)(2002). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday after filing and

GENERAL ORDER                                               Rev. 4/03
PAGE - 2

service of the motion. All dispositive motions shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion. *See* Local Rule CR 7(d)(3)(2002).

All briefs and affidavits in opposition to any dispositive motion, and to any non-dispositive motion not specifically identified in the opening sentence of the preceding paragraph, shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the date designated for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit.

The party making the motion may file and serve, not later than 4:30 p.m. on the judicial day immediately preceding the date designated for consideration of the motion, a response to the opposing party's briefs and affidavits. All motion papers must be filed and served according to paragraph (2) above.

(4)     Summary Judgment Motions

If defendant/respondent files a motion for summary judgement, plaintiff/petitioner is advised, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and Federal Rule of Civil Procedure 56, that he or she has a right to file counter-affidavits or other responsive evidentiary materials in opposition to defendant/respondent's motion for summary judgment and that his or her failure to file such materials may result in the entry of summary judgment against him or her. If the motion for summary judgment is granted, the plaintiff/petitioner is advised that his/her case may be over. Thus, if plaintiff/petitioner fails to file opposing counter-affidavits or other evidence, defendant/respondent's evidence might be taken as truth, and final judgment may be entered against plaintiff/petitioner without a trial. *See* Local Rule CR 7 (b)(2).

(5)   Direct Contact with Judge Prohibited

You are not to communicate directly with the District Judge or the Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk, with copies sent to opposing counsel.

(6)   Change of Address

If you are proceeding pro se (without an attorney), you must notify the Clerk and opposing parties promptly if you change your address. If you fail to do so, your case may be dismissed. *See* Local Rule CR 41(b)(2).

(7)   Lack of Action

All cases that have been pending in this Court for more than one year without any proceeding of record having been taken may be dismissed by the Court on its own motion for lack of prosecution. *See* Local Rule CR 41(b)(1).


Hon. J. Kelley Arnold
U.S. Magistrate Judge


Ricardo S. Martinez
U.S. Magistrate Judge


Hon. Monica J. Benton
U.S. Magistrate Judge


Hon. Karen L. Strombom
U.S. Magistrate Judge


Hon. Mary Alice Theiler
U.S. Magistrate Judge

GENERAL ORDER
PAGE - 4

Rev. 4/03

They Day was going good, It was quite
all Day Long. It was about 12:00pm and
Mark Swanson came to the hole. He did
not look ok, So the Staff member did
there PROCEDURE and put him in #30
house. Then it was about 12:45 He ask
to see Classification. So the person was
in his office to come and see him,
I Don't know want happen when they
talk, But when Classification came out
He siad, I don't want him here. Then
mark swanson ask to see the Nurse and
the Staff member said No, then He Start
barging on his Door (It was around 13:00 hour)
He didn't stop Barging intell about 16:30 hour
when he got his tray from the trusty. So
Mark ask to see the Nurse agian and
staff member so No. Then the trusty start
to pick up the Tray and when they got
to #30 house He did something and He
did not give his tray to the Trusty (these
was about 16:45-17:00) Mark ask repeat
again and again to see the Nurse, they
siad, No and Mark swanson start to barging
on his Door again. It was about 1730-1800 hour
Then the sergaeit came in with 4 Member and
they went right to mark swanson hause.

①

They Fist stat to talk to him infront oF his Door. Then It was about 20-25 min Later, Mark Swanson open and they got his tray From him. I do not know want they are talk about. The the Sergaent was talking to Furrow about him and he left. (It was about 19:00-19:45) The staff member was tesing Mark Swanson when he ask to get some toltpaper. They did not give him It to him Intell a diffent staff member dic. It was about 20:00-20:30 hour the MEDICaL can. Then the medical pason talk to Mark Swanson. They talk For about 10 min and she left. Mark was quit For the rest of the night.

It was about 5:30 hour and Mark swanson get up to get his tray but It was not a tray it was a clam shell. He was talk to the night staff about something (I think it was about the clumshell). It was quite all Monning. It was about 11:30-12:00 hours Mark swanson had a vistory. I am in my house #163 visiting room was right next to my room. So Mark went to the visiting room, It was about 15 min Mark swanson was Finshin with his vorst, so he when to the DOor and ask to open It. After about 3-5 min S staff member came, Mark stell Ask to come out of the visiting room.

②

Then a Lot of Staff member a 2 Sargent came. All of them went right to the visiting room and they Start to talk to him. One of the Staff member ask him to put his hand behind his Back and He Said I can't put them behind my back so Mr. Brown pull 2 hand coff together. The Staff member is still talk to him and final in was about 12:30, the Staff member let him out of the Wisiting room, He had his arm cross in front of him and they scort him Back to his room. Then that was all over there was No Barging. (It was about 13:00-19:00 hours). The sergent came with 9 member and they bolt right to Mark Swanson room. They open his Door and they rush in there and toke all of his Staff. He was siting on his Stool and the Sargent talk to him (It was about 19:00-19:15) It was about 10 min Later they brought him a Plastic Blanket, Now He was Lying at fusrow and all of the rest of the Staff member. Then Mark Swanson requsted to see the Sergent (It was about 21:00 hours). The Sergent talk to mark for about 15 to 30 min. The sergent gave his Blacket Back to him.

③

It was quite for the rest of the night
Finally the Nurse came to see him
and they gave his a bany right arm.
It is all I know about Mark swarson
when He came in North East

Joshua Folk

*Joshua Folk*

④





**President**
*Timothy Kaufman-Osborn*

**Executive Director**
*Kathleen Taylor*

**Legal Program
Director**
*Julya Hampton*

**Legal Program Associate**
*Eric Nygren*

# American Civil Liberties Union
## of Washington

December 7, 2004

Mark Swanson
King County Correctional Facility
620 W James St
Kent WA 98032

Dear Mr. Swanson:

The ACLU of Washington has received your completed Ineffective Assistance of
Counsel Survey. Thank you for taking the time to complete the survey and return it
to us.

Access to effective criminal representation is an issue of continuing concern to the
ACLU-WA. The information you have provided will help us in assessing other
complaints concerning representation in courts throughout Washington, and will be
added to the data we have collected from other defendants represented by appointed
attorneys in King County. The ACLU is working with other organizations to address
many of the systemic problems that exist in our state with respect to local indigent
defense services, and your details will help us to understand the problems faced by
indigent defendants.

While we recognize there are deficiencies in the provision of adequate representation
in many criminal cases, our limited resources do not allow us to provide direct
assistance in most cases. After reviewing your completed survey, we have
determined that we cannot provide you with direct assistance in addressing your
complaint. *Please understand that our inability to assist you does not minimize the
seriousness of your complaint.* Even though we cannot help you individually at this
time, the information you have provided may help develop the facts necessary for
broad legal action in the future.

Thank you again for taking the time to submit the survey to the ACLU.

Sincerely,

Eric S. Nygren
Legal Program Associate



# American Civil Liberties Union
## of Washington

**President**
*Timothy Kaufman-Osborn*

**Executive Director**
*Kathleen Taylor*

**Legal Program
Director**
*Julya Hampton*

**Legal Program Associate**
*Eric Nygren*

November 16, 2004

Mark W. Swanson
King County Regional Justice Center
620 W James St
Kent WA 98032

Dear Mr. Swanson:

The ACLU of Washington has received your completed Medical Care Survey.
Thank you for taking the time to provide details about the medical treatment
you received at the King County Regional Justice Center.

Inmate access to appropriate medical treatment is an issue of continuing
concern to the ACLU-WA.  The information you have provided will help us in
assessing other complaints concerning medical care at facilities throughout
Washington, and will be added to the data we have collected from other
inmates confined at the RJC.

While we recognize there are deficiencies in the provision of medical care in
many jails and prisons, our limited resources do not allow us to provide assistance
in most cases.  After reviewing your completed survey, we have determined that
we cannot provide you with direct assistance in addressing your complaint.
Please understand that our inability to assist you does not minimize the
seriousness of your complaint.  Even though we cannot help you individually at
this time, the information you have provided may help develop the facts
necessary for broad legal action in the future.

Thank you again for taking the time to submit the medical survey to the
ACLU.

Sincerely,

Eric S. Nygren
Legal Program Associate

**P.O. BOX 105411**
**ATLANTA, GA 30348**
**RETURN SERVICE REQUESTED**



# HARBORVIEW
## MEDICAL
## CENTER
### UW Medicine

October 25, 2004

0000155 1678
1614221678 FACMED
MARK WAYNE SWANSON
500 5TH
SEATTLE, WA 98104-2332

RE:  **Provider:        HARBORVIEW MEDICAL CENTER**
     **Patient Name:    MARK WAYNE SWANSON**
     **Patient Account:  2410151**
     **Account Balance: $311.00**

Thank you for choosing HARBORVIEW MEDICAL CENTER for your health care needs.

The above balance is due on your account. An envelope is enclosed for your convenience in remitting. If you would like to charge the balance to your credit card, fill out the charge authorization form below and return it in the envelope provided.

If you have questions feel free to call us at (866)298-2825. We will be happy to assist you.

S1678 D146

_(Please return this portion with your payment)_

Provider: HARBORVIEW MEDICAL CENTER
Guarantor Name: MARK WAYNE SWANSON
Patient Name: MARK WAYNE SWANSON
Patient Account: 2410151
Account Balance: $311.00

**Charge Authorization**

VISA     MasterCard

Cardholder's Name: _____
Card #: _____
Expiration Date:_____  Amount: $_____
X_____
Cardholder Signature

HARBORVIEW MEDICAL CENTER
PATIENT FINANCIAL SERVICES
PO BOX 34001
SEATTLE, WA 98124-1001

Please Denote Change of Address:
Address Correction:_____
City: _____  State: _____  Zip: _____
Telephone: _____  SSN: _____
Employer: _____



# American Civil Liberties Union
# of Washington

October 20, 2004

Mark Wayne Swanson
620 W James St
Kent WA 98032

**President**
*Timothy Kaufman-Osborn*

**Executive Director**
*Kathleen Taylor*

**Legal Program Director**
*Julya Hampton*

**Legal Program Associate**
*Eric Nygren*

Dear Mr. Swanson:

I am writing in response to your letter regarding your situation at the Regional Justice Center.

The treatment of inmates and the conditions in Washington state prisons and jails are of continuing concern to the ACLU-WA. Enclosed please find an ACLU-WA Jail Medical Care Survey for you to complete. This survey will give us detailed information about the medical care provided by the jail staff. Also enclosed are two medical release forms for you to sign. *Give one signed copy to the jail medical unit,* and *return one signed copy to our office.* Please do this promptly; we may be contacting the jail to discuss request information or medical records.

Please understand that completion of these forms does not indicate that we will be able to provide you with assistance. However, it will allow us to determine whether or not your treatment at the jail needs to be addressed with jail officials and medical staff. If you have any additional paperwork regarding your medical treatment, such as kites and grievances and responses you have received, please forward copies with your completed survey and release. (Please do not send original documents. We are unable to store original documents or make copies for you.)

It is important to document your complaints through the jail grievance system as well as notifying the ACLU. The ACLU may consider filing litigation if conditions result in the systematic denial of adequate medical care, and we can be most effective through litigation when we find a pattern of constitutional violations in a particular institution. Accordingly, we have a system of recording each complaint based on the institution involved and the nature of the grievance. So even though we may not be able to help you individually at this time, the information you provide may help develop the facts necessary for broad legal action in the future.

Thank you for contacting the ACLU. I look forward to receiving your completed survey and authorization soon.

Sincerely,

Eric S. Nygren
Legal Program Associate
Enclosures