1
2
3
4
5
6            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                   AT SEATTLE
8
MARK WAYNE SWANSON,                )
9                                  )
              Plaintiff,           )      CASE NO.   C05-199 RSL
10                                 )
          v.                       )
11                                 )
KING COUNTY CORRECTIONAL           )      REPORT AND
12  FACILITY, et al.,              )      RECOMMENDATION
                                   )
13            Defendants.          )
   _____)
14

15        Plaintiff Mark Wayne Swanson proceeding *pro se*, brings this civil rights action

16  pursuant to 42 U.S.C. § 1983.  Dkt. # 4.  Now before the Court is defendants' motion

17  for summary judgment.  Dkt. # 28.

18  I.  BACKGROUND

19        At the time this action was filed, plaintiff was in the King County Correctional

20  Facility ("KCCF").  His action for lack of medical care received after his arrest and

21  detention arose on July 15, 2004.  Dkt. # 6 at 4.  He alleges that he notified Officer

22  Fowler explaining his medical emergency, making a request for a doctor.  *Id.*  Also,

23  five additional officers, Smith, Young, Harvey, Brown and John Doe, on subsequent

24  shifts denied his requests. *Id.*  When he demanded to be seen by a doctor, Sgt. Lolly

25  removed his clothing, bedding and toilet paper, along with threats to be "pepper-

26  sprayed." *Id.*  Seeking medical care on the average of ten times a day for fourteen

27

1    days, he was finally seen and his wrist placed in a cast. *Id*. at 5. On August 19, 2004,

2    plaintiff was taken to Harborview Medical Center to be x-rayed whereupon he learned

3    his bones were not healing properly, but that the remedy would require breaking the

4    wrist again to reset the cast. *Id*. at 6.

5    II. STANDARD OF REVIEW

6         Summary judgment is appropriate when, viewing the evidence in the light most

7    favorable to the nonmoving party, there exists "no genuine issue as to any material

8    fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R.

9    Civ. P. 56(c).  A material fact is a fact relevant to the outcome of the pending action.

10   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  Genuine issues of material

11   fact are those for which the evidence is such that "a reasonable jury could return a

12   verdict for the nonmoving party." *Id*. at 248.

13        In response to a properly supported summary judgment motion, the nonmoving

14   party may not rest upon mere allegations or denials in the pleadings, but must set forth

15   specific facts demonstrating a genuine issue of fact for trial and produce evidence

16   sufficient to establish the existence of the elements essential to his case. *See* Fed. R.

17   Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.

18   *See Anderson*, 477 U.S. at 252.  In ruling on summary judgment, the court does not

19   weigh evidence to determine the truth of the matter, but "only determine whether there

20   is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

21   III. DISCUSSION

22        On April 28, 2005, Plaintiff lodged an Amended Complaint in this action

23   pursuant to 28 U.S.C. § 1983.  Dkt. # 6.  On December 1, 2005, Defendants moved for

24   Summary Judgment.  Dkt. # 28.  In light of the evidence produced by defendants in

25   support of their summary judgment motion, the burden was on plaintiff to produce

26   authenticated materials in opposition to the motion that "set forth specific facts

27

28   SWANSON REPORT AND RECOMMENDATION
     PAGE - 2

1   showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex Corp. v.*

2   *Catrett*, 477 U.S. 317, 322 (1986).  Plaintiff fails to satisfy that burden.

3          Under Local Rule CR 7(b)(2), plaintiff's failure to file an opposition may

4   constitute an admission that defendant's motion has merit.  Nevertheless, there is a line

5   of Ninth Circuit cases, beginning with *Henry v. Gill Industries, Inc.*, 983 F.2d 943,

6   949-50 (9th Cir. 1993), which preclude a district court from granting a motion for

7   summary judgment simply because the nonmoving party does not file opposing

8   material, even if the failure to oppose violates a local rule.  *Id.* at 950.   However, when

9   the local rule does not require, but merely permits the court to grant a motion for

10  summary judgment, the district court has discretion to determine whether

11  noncompliance should be deemed consent to the motion.  *Id.*  Thus, in the present case,

12  reliance on Local Civil Rule 7(b)(2) is appropriate under *Gill* because plaintiff was

13  warned in the Pretrial Scheduling Order (Dkt. #18) that his failure to file opposition to

14  a summary judgment motion might be deemed an admission that the motion has merit,

15  and may result in dismissal without a trial on the merits.[1]  *See Bridges v. Lewis*, 18

16  F.3d 651, 652 (9th Cir. 1994).

17  //              //              //

18

19

20

21

22  _____

23          [1]    Plaintiff filed a Freedom of Information Act Request for information
    contained in his Immigration file on August 9, 2005.  A minute order denying this
24  request was mailed to the plaintiff and returned as undeliverable after three attempts.
    Dkts. #21, 22, 23.  Plaintiff has made no other submissions to the court.  Six months
25  after the defendants' motion for summary judgment and final disposition of this case,
    Plaintiff has not responded.
26

27

28  SWANSON REPORT AND RECOMMENDATION
    PAGE  - 3

1    Moreover, an independent review of the record reveals an absence of genuine,

2  material issues of disputed fact.  As Defendants argue, sustaining a §1983 action based

3  upon a lack of medical care requires a showing of deliberate indifference.  *Hudson v.*

4  *McMillian*, 503 U.S. 1,5 (1992).  Absent medical documentation to support Plaintiff's

5  contentions (Dkt. # 6 at 5), summary judgment is appropriate and is recommended.

6

7    DATED this 31st day of May, 2006.

8

9

10

11    MONICA J. BENTON
      United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28